IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| WANDA WALDON, | § | |
| *Plaintiff,* | § | SA-20-CV-00268-XR |
| vs. | § | |
| BEXAR COUNTY CRIMINAL DISTRICT ATTORNEY'S OFFICE, | § | |
| *Defendant.* | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Xavier Rodriguez:**

This Report and Recommendation concerns the above-styled cause of action. All pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended this case be **DISMISSED** for want of prosecution.

**I. Background**

Plaintiff Wanda Waldon, proceeding *pro se*, originally filed this action in the 166th Judicial District of Bexar County, Texas against the Bexar County Criminal District Attorney's Office. Defendant removed Plaintiff's Petition to this Court on March 5, 2020 based on this Court's federal question jurisdiction. Plaintiff's Petition sued the Bexar County DA for $750 million dollars for breach of contract and violation of her civil rights based on a failure to provide equal protection under the law. Plaintiff alleges she was a victim of attempted murder, a hit and run, and an attempted burglary, but when she reported these incidents to Defendant, Defendant failed to investigate her complaints.

After the District Court referred this case to the undersigned, the Court set the case for a telephonic initial pretrial conference and ordered the parties to meet and confer and submit their proposed scheduling recommendations and Rule 26(f) report. Defendant submitted these filings but indicated that it was unsuccessful in reaching Plaintiff to confer with her on proposed deadlines and other initial matters. The Court held its pretrial conference on July 28, 2020 as ordered. Only Defendant appeared at the conference.

There is a pending motion for judgment on the pleadings by Defendant. Plaintiff's response to the motion was due on or before July 8, 2020 under this Court's Local Rules. To date, Plaintiff has not filed a response in opposition. Additionally, the Court filings that the Clerk attempted to serve on Plaintiff at her address of record were returned as undeliverable. It is Plaintiff's responsibility to keep the Court updated with her current address to ensure notice of the status of this lawsuit.

After Plaintiff failed to appear at the initial pretrial conference, the Court issued a show cause order, ordering Plaintiff to show cause for her absence at the conference. The Order also warned Plaintiff that a failure to respond to the order could result in the dismissal of her lawsuit for want of prosecution and the granting of Defendant's motion for judgment on the pleadings as unopposed. Plaintiff failed to respond to the show cause order by the deadline provided and has still failed to respond to the motion for judgment on the pleadings.

A district court may dismiss an action for failure to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988) (per curiam); Fed. R. Civ. P. 41(b). In light of Plaintiff's failure to comply with this Court's Show Cause Order or to defend against Defendant's motion for judgment on the pleadings, the Court will recommend

that Plaintiff's Complaint be dismissed for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## II.  Conclusion and Recommendation

Having considered the record in this case, the undersigned recommends that this case be **DISMISSED WITHOUT PREJUDICE** for want of prosecution.

## III.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the Clerk of Court and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal

conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 17th day of August, 2020.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE